UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ AUG 2 3 2012

───────────────────────────────── X

Debra Triolo

                              **Plaintiff**

-against-

Enhanced Recovery Company,
LLC, f/k/a Enhanced Recovery     **Defendant**

───────────────────────────────── X

**SUMMONS ISSUED**

Docket No.

**CV 12 4232**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

**SPATT, J.**

**BROWN, M. J.**

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because the Defendant repeatedly violated the Plaintiff's privacy rights while attempting to collect an alleged debt. The Defendant continuously left messages on the Plaintiff's mother's answering machine announcing that the Plaintiff owed a debt. The announcements were overheard by another person while being made.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3.    According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt

      collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**. (emphasis added)

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, Debra Triolo is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant is a debt collection company engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. The Defendant alleges that the Plaintiff owes a consumer debt (the debt). ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of personal services and no part of the alleged debt was incurred for business related items or services.

10. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

11. Within one year of filing this complaint the Defendant left several messages on telephone answering machine of the Plaintiff's parents.

12. The Defendant repeatedly left the following pre-recorded message for the Plaintiff:

> *Hello this message is for Debbie Triolo. If you are not this person please delete this message as it is not for you. This is Bob with Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this important business matter at 800- 390-7644 or visit www.payerc.com and provide the following reference number 56622599.*

13. While leaving the messages, a person other than the Plaintiff, and other than the Plaintiff's spouse, listened to the messages while they were being announced.

14. The telephone number Defendant called is owned and used by Plaintiff's parents.

15. The Defendant had no reason to believe that the Plaintiff was the only person who had access to the answering machine on which Defendant made their announcements.

16. At no point did the Plaintiff give the Defendant authority to disclose the alleged debt to any person.

17. The messages left by the Defendant were heard by a third party other than the Plaintiff or Plaintiff's spouse, causing the Plaintiff embarrassment and humiliation. The Defendant's conduct invaded the privacy protections afforded the Plaintiff through the FDCPA.

18. The Plaintiff did not give Defendant express permission to leave messages on the answering machine that Defendant called.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

20. Defendant's actions as described herein violated the following provisions of 15 U.S.C Section 1692c(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages

B. Statutory damages

C. Costs and reasonable attorney's fees pursuant to the FDCPA;

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro